SCHEB, C. J.,
concurring specially.
Judge Hobson has critically analyzed appellants’ only meritorious point on appeal and, for the reasons he recites, I concur. The trial judge strived diligently to make a just decision, and there is substantial competent evidence to support his judgment changing custody of the minor children.
I wish to comment, however, on the trial judge’s questioning of two witnesses in his chambers outside the presence of the parties or their counsel. I think it is contrary to fundamental principles of due process of law for a court to take any testimony in private, even though recorded. The error here was exacerbated because the court did not even allow counsel to inspect a transcript of that testimony until it had entered its final judgment. Further, while I understand the motive of the trial judge in attempting to remove any inhibition the witnesses might have felt, I also appreciate the role of counsel as officers of the court in insuring that all aspects of a witness’ testimony are aired by examination of the witness and rebuttal. In my opinion conduct of any part of judicial proceedings in private threatens the pursuit of justice under our adversary system.
In this case, however, the error was harmless for the reasons set out in the majority opinion. My reading of the testimony persuades me that it would be of no benefit to order a new trial; to the contrary, a new trial would be an unnecessary and expensive prolongation of proceedings which would likely end in the same result.